## SAMSON *v.* YOUNG.

In an action of trespass on the case for debauching the plaintiff's wife, the parties, by an agreement in writing, submitted "the question of damages" to referees, and also agreed that the court might enter judgment upon the report of the referees.

*Held*, that the amount of damages which the plaintiff was entitled to recover, and not the question of the defendant's liability in the cause, was referred.

No objection being made to judgment upon the report—*held*, that the judge presiding at the trial term in which the judgment was rendered, might properly, without further proof, certify the act to be malicious, within the meaning of section 12, ch. 222, of the General Statutes.

CASE, Edwin Samson against Albert P. Young, for debauching and carnally knowing the plaintiff's wife. The parties entered into a written agreement " to submit the question of damages" in this suit to three referees ; it being agreed that the award of the referees " may be filed, with a motion for judgment thereon, in the supreme judicial court for the western judicial district of said county of Grafton, and upon notice thereof to the adverse party, the said court may render final judgment thereon." The referees awarded that the plaintiff recover of the defendant $300, with costs of reference and costs of suit. The action was entered in court, and the submission and award were filed. No objection was made to judgment on the award. Upon the plaintiff's motion it was ruled, subject to the opinion of the whole court on case reserved, that the following certificate should be made on the back of the execution :

" *Grafton, ss.*

" In consideration of the record in this case, and the facts appearing upon the submission and award, I hereby certify that the cause of action in this case arose from the wilful and malicious act of the defendant.

"JEREMIAH SMITH, *Presiding Justice, March Term, 1870.*"

*H. & G. A. Bingham*, for the defendant.

The certificate ordered in this case, if authorized at all, must rest for its authority upon the statute. Genl. Stat., ch. 222, sec. 12 ; Revised Stat., ch. 200, sec. 11 ; Com. Stat., ch. 213, sec. 11. By that statute " the court or justice before whom the action is tried " is authorized to cause a certificate, of the character ordered in this case, " to be made on the back of the execution ; " and we suppose the order made in this case contemplated that the certificate be made on the back of any execution issued in the case. Whether the certificate ordered by the court conforms to the statute is suggested ; but the question which we suppose it was intended to raise is, whether or not

"the court or justice before whom this action has been tried" is the one that has made the certificate.

We take the ground that the three referees were the tribunal before whom this case was tried. An arbitration is a domestic forum where the parties themselves select private judges and bind themselves to be governed by their decisions. *Price* v. *Williams*, 1 Ves. 365; *Emery* v. *Wase*, 5 Ves. 846. In this case the submission was unrestricted. The referees raised no questions for the court. No questions were raised by the parties for the court. The case was entered for the purpose of taking judgment upon award of referees, and for no other purpose. How then can it be said that the court that has made the certificate in question is the court "that tried the action?" Under an unrestricted submission referees may decide the law as well as the facts, according to their own views, however they may differ from what the court would have done. In short, an arbitration is an outside, independent tribunal, and what is done and tried by it can not be said in any sense to be tried in court. *White Mts. R. R.* v. *Beane*, 39 N. H. 107; *Sanborn* v. *Murphy*, 50 N. H. 65. The design of the statute manifestly is that the court or justice who actually tries the case shall alone be authorized to make the certificate; and the reason of this is manifest, because by actually trying the case and hearing the evidence he will be qualified to judge of the malice, &c. But if he does not try the case or hear the evidence, he cannot be prepared to say how this particular case differs from any other of its kind. We have a decided case not reported— *Ziba Hills* v. *Wm. W. Gibson*—transferred Nov. T., 1861, Grafton Co., and decided March adjourned law term, 1862.

That case was an award of referees, made under a rule of court, in an action of trespass, and where the referees expressly stated in their award that the trespass was wilful and malicious. But the motion for a certificate was denied by Chief Justice BELL, and the decision afterwards affirmed by the full bench, as will appear by examination of the court records.

*C. W. & E. D. Rand*, for the plaintiff.

Nothing but the question of damages was submitted to the referees. The agreement to submit was as clear a confession of the truth of the allegations in the writ as a default would have been. And no "objection was made" by the defendant to judgment on the award. *Nelson* v. *Ladd*, 47 N. H. 343 is in point, and overrules *Hills* v. *Gibson*, if that case is at all applicable. No reasons are given for the decision in *Hills* v. *Gibson*, and the case plainly differs from this. There the whole case was submitted to the referees.

FOSTER, J. This court has decided, in *Nelson* v. *Ladd*, 47 N. H. 343, which was an action for deceit in the sale of property, by affirming it to be free from incumbrance when the seller knew it was mortgaged for a large sum, that, the defendant being defaulted, the Judge might properly, without further proof, certify the act to be wilful and

malicious within the meaning of sec. 10, ch. 200, of the Revised Statutes.

In expressing the opinion of the court, Mr. Justice BELLOWS said: " By the default, the defendant confessed the truth of the allegations ; and we think the court would be fully justified in making the certificate upon that ground. The charge was for deceit ; for a false affirmation of a clear title in himself, when he knew it was heavily incumbered. Such an act may well be regarded as both wilful and malicious. He knew his statement to be false, and his purpose must have been to defraud the plaintiff. It was equivalent to obtaining money by false pretences ; and in this State it would be an indictable offence."

In *Nelson* v. *Ladd*, the defendant being defaulted, the court. appointed the clerk commissioner to assess damages. The commissioner understood his commission to be for the assessment of damages merely ; and although the commissioner, at the plaintiff's request, reported to the court the facts, as grounds of his application for a certificate on the execution, yet it is manifest the certificate was granted upon reference only to the confession made by default, to the allegation of fraud and deceit contained in the declaration.

In the present case the submission to the referees is of the " question of damages " *merely*. We take parties to mean, ordinarily, what they say—and when they use the term *damages*, instead of the term " *liability*" or its equivalent, we cannot suppose they intend to submit the question of the defendant's guilt or innocence of the act alleged in the declaration, but *only* the question *how much* he shall be required to pay to the plaintiff, on account of the trespass confessed. If the terms employed were (as they are not) *equivocal*, the fact that the parties in their submission have avoided the usual form adopted in references under the common rule, whereby the parties declare that they refer " the *cause*," is a pretty clear indication that in using the term *damages* in this instance, they meant what they said.

Such being the case, the defendant's assent to judgment upon the award of the referees, without objection, is as much a confession of the truth of the plaintiff's allegation as a default would have been. The wrong thus confessed is a confession that the defendant was guilty of the crime of adultery ; and it would require no exhibition of the particulars, by evidence before the court, to convince the tribunal that the offence was wilful and malicious. The confession imported by the submission of the question of damages, *merely*, to the award of the referees, is incompatible with any such excuse or extenuation as could take the case out of the purview of the statute.

It is objected by the defendant that the statute empowers the tribunal, only, which tries and determines the facts upon all the evidence submitted, to make the certificate ; but referees have no power in themselves, and as an independant tribunal, to issue executions, or to require a certificate to be placed thereon ; and we have no hesitation in holding that, within the meaning and contemplation of the statute, the court which takes jurisdiction of a cause and renders judgment and execution thereon, may properly be said to *try* the case, notwith-

standing it may, by its own authority, or by consent of parties, as in this case, have submitted the ascertainment of the damages, or some other collateral question involved in the case, to a commissioner, auditor, master, or referee, who for such purposes may properly be regarded as officers of the court.

Upon the whole, we think the case of *Nelson* v. *Ladd* is decisive of the questions presented by this case, and we are entirely satisfied with that decision.                                                *Exceptions overruled.*